UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEITH BOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:00CV0014 LMB |
| ) | |
| BILL FERRELL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the court on plaintiff's Motion for Rule 60(b) Review. (Doc. No. 67). Plaintiff has filed numerous other motions in connection with his Rule 60 motion. (Docs. No. 73, 76, 77, 78, 79, 80, 81, 83, 84).

## Background

On February 3, 2000, plaintiff filed a pro se 42 U.S.C. § 1983 action against numerous Mississippi County and Scott County officials, alleging various violations of his constitutional rights. (Doc. No. 1). The only defendants that survived this court's frivolity review were Scott County Sheriff Bill Ferrell, and Mississippi County Sheriff Larry Turley. (Doc. No. 10). Plaintiff subsequently filed an Amended Complaint and added Mississippi County Court Clerk Karen Turley as a defendant. (Doc. No. 28).

In his Amended Complaint, plaintiff alleged that defendants violated his constitutional rights when he was arrested without a warrant. Plaintiff also claimed that his constitutional rights were violated because he was not given a prompt probable cause hearing after his arrest. Plaintiff

further claimed that defendants conspired to hold him in jail, without an arrest warrant, in violation of his constitutional rights.

On September 28, 2001, the court denied plaintiff's Motion for Summary Judgment and granted the separate motions for summary judgment of Defendant Bill Ferrell and Defendants Larry Turley and Karen Turley. (Doc. No. 55). The court found that plaintiff could not state a claim under § 1983 that he was arrested without a warrant and without probable cause because he was convicted of the offenses with which he was charged after his arrest. The court also found that the doctrine of collateral estoppel served as a bar to plaintiff's fourth amendment claim. With regard to plaintiff's second claim, the court found that a prompt probable cause determination was made after plaintiff was arrested. Finally, the court found that there was no evidence to support plaintiff's conspiracy claim.

On April 18, 2013, over eleven years after the court entered its Judgment, plaintiff filed his motion for Rule 60 relief. Defendant Larry Turley has filed a Response in opposition to plaintiff's motion (Doc. No. 70), and plaintiff has filed a Reply (Doc. No. 71).

## **Discussion**

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party...from a final judgment, order, or proceeding for" reasons including "(1) mistake, inadvertence, surprise, or excusable neglect, ... (2) newly discovered evidence...(3) fraud...or...(6) any other reason that justifies relief." The motion must be made "within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1). "Rule 60(b) provides for extraordinary relief which may be granted only

2

upon an adequate showing of exceptional circumstances." Harley v. Zoesch, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotation omitted).

Here, plaintiff's motion focuses solely on his claim that he was allegedly arrested without a warrant. Plaintiff argues that Defendants Larry Turley and Bill Ferrell committed fraud by informing this court that they had an arrest warrant for plaintiff on February 6, 1995, when they did not. Plaintiff contends that he has newly discovered evidence that defendants conspired with court clerks, defense counsel, the prosecuting attorney, and others to fabricate documents after the fact indicating that plaintiff was served with an arrest warrant on February 6, 1995. Plaintiff alleges that defendants' fraudulent actions caused the court to make a mistake in ruling on defendants' motions for summary judgment.

Defendant Larry Turley argues that plaintiff's motion should be denied because it is time-barred by the one-year limitation period set forth in Rule 60(c)(1). Defendant further argues that plaintiff's motion should be denied because there was no fraud or mistake by the court and plaintiff failed to produce any newly discovered evidence to support his request for relief from the court's judgment.

The allegations in plaintiff's motion reveal he is seeking Rule 60(b) relief based on mistake, newly discovered evidence, and/or fraud, subsections (1), (2), and (3). As previously noted, subsections (1), (2), and (3) have specific time limitations that have expired in this case. Motions pursuant to Rule 60(b)(1), (2), and (3) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1). The one-year time limit for motions based on Rule 60(b)(1)(3) cannot be avoided by bringing the motion under Rule 60(b)(6). United States v. Dakota Cheese, Inc., 923 F.2d 576, 577 (8th Cir. 1991)

3

(motion based on newly discovered evidence is governed by Rule 60(b)(2) and may not be brought after one year under Rule 60(b)(6)). The provisions of Rule 60(b) are mutually exclusive, and if the reason offered for relief falls under one of the more specific subsections of Rule 60(b)(1)-(5), the reason will not justify relief under the catch-all provision of 60(b)(6). <u>Liljeberg v. Health Servs. Corp.</u>, 486 U.S. 847, 863 n. 11 (1988).

Plaintiff's Rule 60(b) motion was brought almost twelve years after the entry of judgment. Plaintiff's motion is clearly based on newly discovered evidence, mistake, and/or fraud. Plaintiff is precluded from seeking relief pursuant to Rule 60(b) because it is clear that his motion is untimely. <u>Lester v. Empire Fire & Marine Ins. Co.</u>, 653 F.2d 353, 354 (8th Cir. 1981) (motion based on fraud filed seventeen months after judgment was time-barred).

Plaintiff argues in his Reply that he did not receive some of the new evidence at issue in his motion until 2011, so it was not possible for him to file his motion before the one-year period expired. Even if the court were to find plaintiff's motion proper under Rule 60(b)(6), and the one-year time limitation did not apply, a motion under the catch-all provision for relief from judgment must be made within a reasonable time. Plaintiff claims that he discovered some of the new evidence in 2011, yet he did not file his Rule 60(b) motion until 2013.

Thus, the court finds that plaintiff is not entitled to relief from final judgment pursuant to Rule 60(b) because his motion is time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Rule 60(b) Review (Doc. No. 67) be and it is **denied**.

**IT IS FURTHER ORDERED** that all pending motions be **denied as moot**.


Dated this 31st day of January, 2014.

                                                    */s/ Lewis M. Blanton*
                                                  LEWIS M. BLANTON
                                                  UNITED STATES MAGISTRATE JUDGE